IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Hayes Malloy, #226758 ) | |
| ) | Civil Action No.8:08-3125-TLW-BHH |
| Petitioner, ) | |
| ) | |
| v.  ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden of Lee Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment. (Dkt. # 13.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on September 5, 2008.[1] On January 14, 2009, the respondent moved for summary judgment. By order filed January 14, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On February 2, 2009, the petitioner filed a response opposing the respondent's summary judgment motion.

## I. PROCEDURAL HISTORY

The petitioner, a state prisoner, is currently incarcerated at the Lee Correctional Institution. In August 1994, the petitioner was indicted for two counts of murder and in June

---

[1] This date reflects the date on which the envelope containing the petition was postmarked as there was not a prison mailroom date stamp on it. (Pet. Attach. 2.) *See Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

1995, he was indicted for one count of first degree burglary. The petitioner was represented by attorney John D. Delgado. On June 21-23, 1995, the petitioner was tried by a jury with the Honorable Joseph A. Wilson presiding. The petitioner was convicted as charged and Judge Wilson sentenced him to life on each murder charge to run consecutively to one another, and to life on the burglary charge to run concurrently with second murder sentence.

On June 27, 1995, the petitioner filed a timely appeal. On appeal, the petitioner was initially represented by Assistant Appellate Defender Robert M. Pachak. Pachak filed an *Anders* brief on April 10, 1996. Shortly thereafter, the petitioner's trial counsel, Delgado, was substituted as the petitioner's appellate counsel. He perfected the appeal with the filing of a final brief raising the following issue: Whether a new trial should be granted because the trial court's failed to allow an insanity defense which violated the petitioner's due process rights and whether the petitioner's first degree burglary conviction should be reversed because it was brought in order to coerce the petitioner to plead guilty to other charges. In a memorandum opinion filed on April 15, 1997, the South Carolina Supreme Court affirmed the petitioner's convictions.

On July 3, 1997, the petitioner filed an application for post-conviction relief ("PCR") alleging ineffective assistance of counsel and lack of subject matter jurisdiction. (App. 469-73). On April 23, 1998, an evidentiary hearing was held before the Honorable Larry R. Patterson. (App. 479). The petitioner was represented by attorney Christopher J. Moran. On August 14, 1998, Judge Patterson dismissed with prejudice the petitioner's application for PCR. (App. 507- 511).

On September 29, 1998, the petitioner timely filed a notice of appeal of the denial of PCR. On appeal, the petitioner was represented by Assistant Appellate Defender Robert M. Dudek. On appeal, the petitioner argued trial counsel was ineffective for failing to

preserve the insanity issue for appellate review. On November 8, 2000, the petitioner's petition for a writ of certiorari was denied. The remittitur was filed on November 29, 2000.

On April 24, 2001, the petitioner filed a second application for PCR raising the following issues:

> 1) PCR counsel did not amend the application;
>
> 2) The grounds not amended were fruitful in which Counsel should amend the claims at the time;
>
> 3) The Courts abused its discretion when Petitioner admitted he was unfamiliar with these (PCR) proceedings and asked to be relieved; and
>
> 4) The grounds not amended should entitle Petitioner to a new post conviction hearing.

On November 14, 2002, a hearing was held and on February 14, 2003, the Honorable James R. Barber, III, dismissed the petitioner's application for PCR with prejudice finding it was clearly successive to the petitioner's previous applications for PCR.

The petitioner filed this habeas action on September 5, 2008, raising the following grounds for relief:

> **Ground One**: Fundamental Fairness and Due Process of Law
>
> **Ground Two:** Prosecutorial Misconduct
>
> **Ground Three**: Ineffective Representation

(Habeas Pet.)

## II.  APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

> there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### III. DISCUSSION

**Statute of Limitations**

The respondent contends that this habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations for filing federal habeas petitions. The undersigned agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v.*

*Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. If a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe,* 257 F.3d 395 (4th Cir. 2001).

On April 15, 1997, the South Carolina Supreme Court confirmed the petitioner's convictions. The remittitur was filed May 1, 1997. The petitioner was entitled to an additional ninety days to petition for certiorari to the United States Supreme Court. *See, e.g. Harris v. Hutchinson,* 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S. Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days). Before then, however, he filed his first application for PCR on July 3, 1997, tolling the time period. The petitioner's PCR appeal was dismissed on November 8, 2000. The remittitur for the PCR appeal was issued on November 29, 2000. The statute of limitations then began to run on November 30, 2000, the after day the remittitur was filed. Accordingly, the petitioner had 365 days from November 30, 2000, to file his federal habeas corpus petition or until November 30, 2001. The petitioner did not file this petition for federal habeas relief until September 5, 2008.

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 196 F.3d 557, 561 (4th Cir. 1999). The filing of the petitioner's second PCR application did not toll the AEDPA statute of limitations because it was dismissed as

6

successive and time barred by the state PCR court. *Pace v. Diguglielmo*, 544 U.S. 408 (2005).

Moreover, the Fourth Circuit Court of Appeals has stated that such tolling is only allowed in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2004). To be entitled to equitable tolling, the petitioner must show that (1) there was an "'extraordinary circumstance,' (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4 Cir. 2003). In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals held equitable tolling has been applied in two kinds of situations. In the first situation, the petitioners were prevented from asserting their claims by some kind of wrongful conduct on the part of the respondent and in the second, extraordinary circumstances beyond the petitioners' control made it impossible to file their claims on time. The court concluded that "any resort to equity must be reserved for those rare instances where -due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330.

Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. *See Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. *Harris*, *supra*. Likewise, mistake of counsel does not serve as a ground for equitable tolling. *Taliani v. Chrans*, 189 F.3d 597 (7th Cir.1999). *See also Smaldone,* 273 F.3d at 138 ("[A]ttorney error [is]

inadequate to create the 'extraordinary' circumstances equitable tolling requires.")  Further, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him.  *Coleman,* 184 F.3d at 402.    "[E]quity is not intended for those who sleep on their rights."  *See Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999) (*citing Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989)).

The petitioner has offered no explanation in his habeas petition or his response opposing the respondent's motion for summary judgment for the untimeliness of his petition and he has not he requested equitable tolling nor set forth any facts which would entitle him to have the time period equitably tolled.  Accordingly, the petitioner's habeas petition is time barred and should be denied.

### IV.  CONCLUSION

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (#13) be GRANTED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

February 12, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).